Argued and submitted October 31, 2003, reversed and remanded January 21, 2004

STATE OF OREGON,
*Appellant,*

*v.*

BRADY FRANKLYN DERRAH,
aka Brady Franklin Derrah,
*Respondent.*

02010199; A119298

84 P3d 1084

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

**LINDER, J.**

In this criminal case, defendant was charged with manufacturing, delivering, and possessing a controlled substance, ORS 475.992, after a warranted search resulted in the seizure of approximately 50 marijuana plants at his residence. Before trial, defendant moved to controvert the affidavit submitted by Detective Welch in support of the warrant on the ground that his last name was repeatedly misspelled "Dennah" instead of "Derrah." *See* ORS 133.693(2). Defendant also urged that the affidavit, as controverted, did not provide probable cause for the search. The court granted the motion to controvert, struck from the affidavit all references to defendant's first and last names, and suppressed the evidence found in the search. The state appeals, and we reverse and remand.

As noted, the issue presented turns on the contents of an affidavit that was submitted by Welch in support of the search warrant that authorized the search of defendant's residence. The affidavit began by describing Welch's experience and training in the area of illicit drug activity. Next, the affidavit described the house to be searched pursuant to the proposed warrant. Finally, in the portion of the affidavit that defendant moved to controvert, the affidavit set forth facts specific to defendant and his residence. In pertinent part, that portion of the affidavit stated:

"On 01-22-02 I had contact with a concerned citizen in the Linn County, Oregon area. * * * This concerned citizen will hereby be referred to as CI-1.

"CI-1 told me that CI-1 had been in contact with a person named Brady that lived in the Albany, Oregon area. CI-1 told me that CI-1 did not know Brady's last name, but could provide me with a description of where Brady lives and the house that Brady lives in. CI-1 told me that Brady lived with a woman that went by the name of Verla. Based on the directions to Brady's house and by the description given I was able to identify Brady Dennah [*sic*] and Verla Phillips as the two residents living at 330 SE Pine Street, Albany, Linn County, Oregon. * * *

"* * * * *

"CI-1 told me that CI-1 has known Brady Dennah [*sic*] for more than several years. CI-1 told me that CI-1 has spoken with Brady Dennah [*sic*] on several occasions about growing marijuana. CI-1 told me that Brady Dennah [*sic*] has told CI-1 that he (Brady Dennah [*sic*]) grows marijuana at his (Brady Dennah's [*sic*]) residence.

"CI-1 told me that Brady Dennah [*sic*] has told CI-1 that he (Brady Dennah [*sic*]) grows three cycles of marijuana continuously. CI-1 told me that Brady Dennah [*sic*] had a medical marijuana card. CI-1 told me that Brady Dennah [*sic*] has talked about growing more marijuana than the law would allow.

"\* \* \* \* \*

"I checked with the Law Enforcement Data System (LEDS) and learned that Brady Derrah had a criminal history. Upon reviewing this criminal history I learned that Brady Derrah is a convicted felon. I learned that Brady Derrah had entries on his criminal history for trespassing, disorderly conduct, resisting arrest; harassment, criminal mischief, assault, and delivery of marijuana (conviction)."

The affidavit went on to relate information that Welch had received from another police officer, Detective Bressler, who had talked to a second informant, CI-2. According to the affidavit, CI-2 told Bressler that he "knows Brady Dennah [*sic*] and Verla Phillips and knows that they live at 330 SE Pine Street, Albany, Linn County, Oregon," and that he had been to their house "about a year and a half ago and saw 3 or 4 growing marijuana plants."

Welch also stated in the affidavit that he had visited "the address of 330 Southeast Pine Street, Albany, Linn County, Oregon \* \* \* to attempt to gain any information that marijuana was/or is still being grown" there. While standing at the doorway of the house after knocking on the door, Welch "could smell a continuous odor of fresh growing marijuana" coming from the residence. He then went to the house next door, where he could no longer detect the smell of marijuana. Welch also stated that he had subpoenaed the power records "for the address of 330 SE Pine Street, Albany, Linn County, Oregon," and that the records reflected power usage that "would be enough to sustain a marijuana grow operation."

Based on that information, Welch averred that he believed "that Brady Dennah [*sic*] and Verla Phillips are manufacturing marijuana" illegally and requested "that a search warrant be issued authorizing a search of the afore-said described residence and property located at 330 South-east Pine Street, Albany, Linn County[,] Oregon, for and to seize growing marijuana and dried marijuana, [and specified types of] marijuana processing and distribution equipment * * *." Welch did not specifically request authorization to search the persons of defendant or Verla Phillips.

After reviewing Welch's affidavit, a circuit court judge issued a search warrant authorizing the search of "the address of 330 Southeast Pine Street, Albany, Linn County, Oregon." The warrant set forth a detailed description of the residence. It also authorized the search of "all persons that reside at the residence and exercise any control over the res-idence, or its contents" by performing specified activities or by "exercising any other form of control over the target and any vehicle" connected with an occupant of the residence. Officers executed the warrant on the day it was signed by the judge and, in searching the residence, found and seized approximately 50 growing marijuana plants. Defendant was subsequently charged with manufacturing, delivering, and possessing a controlled substance. *See* ORS 475.992.

As described earlier, defendant moved before trial to controvert Welch's affidavit on the ground that the affidavit repeatedly misspelled defendant's last name as "Dennah" instead of "Derrah." After a hearing, the trial court concluded that Welch's mistakes were just that—mistakes—and not an attempt by Welch to mislead the issuing judge. Nevertheless, the trial court granted the motion to controvert, stating that, "because the name is mistaken predominantly throughout the affidavit, I think the name has to be stricken and the affi-davit would then not support the search warrant." The trial court also suppressed the evidence seized during the war-ranted search of defendant's residence after concluding that, without defendant's name, the affidavit lacked probable cause to search.

On appeal, the state assigns error to the trial court's ruling, arguing first that the misspelling of defendant's last

name was not a material inaccuracy that required the trial court to excise any part of Welch's affidavit. Second, and alternatively, the state contends that, even if the trial court correctly excised defendant's misspelled last name from the affidavit, it should not also have excised defendant's correctly spelled first name or the two instances where defendant's last name was spelled correctly. Third, the state argues that, even if all references to defendant's first and last names properly were excised, the affidavit still provided probable cause to believe that marijuana would be found at defendant's residence. Defendant, in response, argues the converse of each of those propositions.[1] Because we agree with the state's third argument, which is dispositive, we do not reach the state's first two arguments.

■ ■ When a defendant successfully controverts factual assertions in an affidavit supporting a search warrant, we subtract the inaccurate information and then test the remaining facts and reasonable inferences to determine whether they establish probable cause to justify the requested search. *State v. Wilson*, 178 Or App 163, 167-68, 35 P3d 1111 (2001). The requirement of probable cause "means that the facts upon which the warrant is premised must lead a reasonable person to believe that seizable things will probably be found in the location to be searched." *State v. Anspach*, 298 Or 375, 380-81, 692 P2d 602 (1984); *see also State v. Yuen*, 182 Or App 387, 393, 49 P3d 819 (2002).

■ Importantly, the prayer of the affidavit in this case—and the wording of the warrant as issued—focused exclusively on defendant's address (330 Southeast Pine Street in Albany) and not on defendant individually. Specifically, the

---

[1] For the first time on appeal, defendant also asserts an alternative ground for affirmance. Specifically, defendant argues that the warrant was overbroad, and therefore invalid, because it authorized the search not only of occupants of the residence but also of other persons connected with the residence (*e.g.*, those who perform household chores, store personal property, or make personal telephone calls from the residence). As a prerequisite to exercising our discretion to consider whether a trial court was right for the wrong reason, "the evidentiary record must be sufficient to support the proffered alternative basis for affirmance." *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659, 20 P3d 180 (2001). We agree with the state that the record is devoid of any facts pertaining to how the warrant was executed. As a result, the record contains no facts as to whether any persons, residents or others, were in fact searched. Consequently, we decline to consider defendant's alternative argument.

affidavit asked for a search warrant authorizing a search of the "described residence and property located at 330 Southeast Pine Street, Albany" for marijuana and various items associated with the cultivation and sale of marijuana. The affidavit did not seek a warrant authorizing the search of Brady Derrah (or, as misspelled in most of the affidavit, Brady Dennah) personally. The same is true of the warrant: it commanded law enforcement officers to search "the address of 330 Southeast Pine Street, Albany" for marijuana and various items associated with the cultivation and sale of marijuana. The warrant further set forth in detail the location and characteristics of the residence. In addition, the warrant authorized the search of "all persons that reside at the residence" and those that exercise control over it in other ways. But nothing in the warrant specifically authorized a search of Brady Derrah (or Dennah) or was directed to him personally, as opposed to residents of the house generally.

■　　The adequacy of the affidavit to establish probable cause to support the warrant must be tested with that recognition—*i.e.*, that both the affidavit and the warrant are directed to a search of the specified premises. Excising any references to Brady Derrah/Dennah by name, the affidavit established the following:

• One informant told police that a person who he knew lived at the house at 330 Southeast Pine Street had admitted to growing marijuana at the residence.

• Police had cross-corroborating information from a second informant who likewise related he had seen marijuana plants at the residence within the past one or two years. *See State v. Chezem*, 125 Or App 341, 348, 865 P2d 1307 (1993) (information from one unnamed informant may be used to corroborate that of another unnamed informant).

• Welch, on the date on which he submitted the affidavit, personally went to the residence and, as he approached the front porch area, smelled what he recognized to be fresh growing marijuana. While standing at the front door, Welch continued to smell the odor of fresh growing marijuana coming from the residence.

- Welch could no longer smell marijuana after leaving the porch area and going to the house next door.

- Welch had extensive training and experience in illicit drugs and could recognize the smell of growing marijuana.

In combination, that information in the affidavit was adequate to establish probable cause to search the residence for marijuana and items associated with its cultivation and distribution. The informants each supplied information that tied the residence to marijuana cultivation. To be sure, in isolation, that information presents staleness concerns, because some of it was not date-specific and some of it was more than a year old. *State v. Carter*, 132 Or App 461, 469, 889 P2d 354, *rev den*, 321 Or 268 (1995) (affidavit did not establish probable cause because, "[e]xcept for the electrical usage information, all of the material information in the affidavit is more than one year old"). But information from the informants was corroborated by Welch's first-hand "plain smell" of fresh growing marijuana emanating from the house. That observation occurred on the date that the affidavit was submitted and the warrant was executed, thus providing current information about marijuana cultivation activity inside the residence. The scent of marijuana, emanating from a residence, without more, is sufficient to support a conclusion that marijuana will likely be found inside that residence. *See State v. Rein / Jungwirth*, 324 Or 178, 182, 923 P2d 639 (1996).[2] Thus, especially when combined with the corroborating information supplied by the informants, Welch's "plain smell" of fresh growing marijuana coming from the residence on the

---

[2] In *Rein / Jungwirth*, the court specifically concluded that the "strong odor of marijuana emanating from the house, accompanied by the same strong odor on both defendants' persons, would lead a neutral and detached magistrate to conclude that there was likely to be found a considerable amount of marijuana inside the home." *Id*. at 182. As that quotation makes clear, in *Rein / Jungwirth*, the smell of marijuana also emanated from the defendants. However, the court's decision does not suggest that the conclusion would have been different had the smell emanated only from the house. To the contrary, the court cited *State v. Slowikowski*, 307 Or 19, 27, 761 P2d 1315 (1988), in support of its probable cause determination. *Rein / Jungwirth*, 324 Or at 182 n 3. In *Slowikowski*, the court upheld the search of a closed storage area where probable cause for the search warrant was based on the odor of marijuana emanating from the closed storage area.

date of the search supported the issuing magistrate's conclusion that marijuana would be found at 330 Southeast Pine Street, which was the target of the warrant.

For that reason, even without any reference to the residents' names or to defendant's name in particular, the affidavit provided probable cause to search the residence. The trial court therefore erred in suppressing the evidence.

Reversed and remanded.